# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DOROTHY NANNEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

Case No.  1:24-cv-01423-SAB

ORDER AFFIRMING DECISION OF THE
COMMISSIONER OF SOCIAL SECURITY

(ECF Nos. 11, 15)

Plaintiff Dorothy Nanney ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits pursuant to the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument.

Plaintiff requests the decision of Commissioner be vacated and the case be remanded for further proceedings, arguing that the decision below was not supported by substantial evidence. Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") erred in his analysis of Plaintiff's mental impairments.

For the reasons explained herein, the Court will affirm the decision of the Commissioner.

/ / /

/ / /

/ / /

1

## I.

## BACKGROUND

### A.    Procedural History

On January 23, 2018, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits.  (ECF No. 10, Administrative Record ("AR"), 52.) Plaintiff also protectively filed a Title XVI application for supplemental security income on January 23, 2018.  (Id.)  In both applications, Plaintiff alleged disability beginning on March 6, 2016.  (Id.)  Plaintiff's applications were initially denied on April 13, 2018, and denied upon reconsideration on June 28, 2018.  (Id.)  Plaintiff requested before a hearing before an ALJ.  On March 26, 2020, Plaintiff, represented by counsel, appeared for a hearing in front of an ALJ.  (Id.) Plaintiff and vocation expert ("VE") Ashley Bryars testified.  (Id.)  On April 20, 2020, the ALJ issued a decision concluding that Plaintiff was not disabled.  (AR 73.)  On August 5, 2020, the Appeals Council denied Plaintiff's request for review.  (AR 10-14.)

On November 20, 2023, the Hon. Helena M. Barch-Kuchta reversed and remanded the matter to the Commissioner for further proceedings.  (AR 1082-93.)  Pursuant to the order of remand, an ALJ presided over a subsequent administrative hearing.  (AR 1017.)  On July 3, 2024, Plaintiff, represented by counsel, appeared for a hearing before an ALJ.  (Id.)  Plaintiff and VE Dr. Cook testified.  (Id.)  On August 29, 2024, the ALJ issued a decision concluding that Plaintiff was not disabled.  (AR 1008.)  Plaintiff did not seek review from the Appeals Council, making the August 29, 2024 decision from the ALJ final.

### B.    The ALJ's Findings of Fact and Conclusions of Law

In the decision, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act only through June 30, 2018, and that Plaintiff had not engaged in substantial gainful activity since March 6, 2016—the alleged onset date.  (AR 991.)  The ALJ found that Plaintiff had the following severe impairments: asthma; history of coccidioidomycosis (Valley fever); cardiac dysrhythmias/supraventricular tachycardia; and a persistent depressive disorder. (AR 992.)  However, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed in impairments in 20 C.F.R. Part 404,

Subpart P, Appendix 1.  (AR 994.)

After considering the entire record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c) except she could stand and/or walk for 6 out of 8 hours in an 8-hour workday, was not limited in sitting, must avoid of concentrated exposure to fumes, odors, smoke, dust, gases and poor ventilation.  She must avoid climbing ladders, ropes, and scaffolds, avoid unprotected heights and dangerous moving machinery, and avoid extreme heat and cold.  Plaintiff could understand, remember, and carry out simple instructions and maintain concentration, persistence, and pace to those simple instructions for 2-hour intervals.  She could occasionally interact with coworkers and the general public, and can adapt to occasional workplace changes.  (AR 996-97.)

The ALJ then found that that Plaintiff was unable to perform any past relevant work, she was 57 years old on the alleged disability onset date, and she had at least a high school education. (AR 1006.)  The ALJ discussed that transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.  (Id.)  Considering Plaintiff's age, education, work experience, and RFC, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  (AR 1007.)  Accordingly, the ALJ concluded that Plaintiff had not been under disability, as defined by the Social Security Act, from March 6, 2016, through the date of the decision, August 29, 2024.  (AR 1008.)

Plaintiff sought timely review of the Commissioner's decision in the federal courts.  (ECF No. 1.)  The parties consented to the jurisdiction of the United States Magistrate Judge.  (ECF Nos. 7, 8 , 9.)  Thereafter, the parties filed their briefs on the matter.[1]  (ECF Nos. 11, 15.)

---

[1] On December 1, 2022, the Supplemental Rules for Social Security became effective.  Rule 5 states, "[t]he action is presented for decision by the parties' briefs."  Fed. R. Civ. P. Appx. Rule 5.  The 2022 Advisory Committee noted that "Rule 5 states the procedure for presenting for decision on the merits a [42 U.S.C.] § 405(g) review action that is governed by the Supplemental Rules."  Fed. R. Civ. P. Appx. Rule 5 advisory committee note 2022.  Like an appeal, "the briefs present the action for decision on the merits.  This procedure displaces summary judgment or such devices as a joint statement of facts as the means of review on the administrative record."  Id.  The 2022 Advisory Committee unambiguously clarified that "Rule 5 also displaces local rules or practices that are inconsistent with the simplified procedure established by these Supplemental Rules for treating the action as one for review on the administrative record."  Id.  Here, Plaintiff filed a motion for summary judgment, which the Court will construe

## II.

## LEGAL STANDARD

### A.    The Disability Standard

To qualify for disability insurance benefits under the Social Security Act, a claimant must show she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five-step sequential evaluation process to be used in determining whether a claimant is disabled. 20 C.F.R. § 404.1520;[2] Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.

Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006). The burden of proof is on the claimant at steps one through four. Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020). A

---

as a brief in support of her position on whether the Court should affirm, modify, or reverse the decision of the Commissioner. 42 U.S.C. § 405(g).

[2] The regulations which apply to disability insurance benefits, 20 C.F.R. §§ 404.1501 et seq., and the regulations which apply to SSI benefits, 20 C.F.R. §§ 416.901 et seq., are generally the same for both types of benefits. Accordingly, while Plaintiff seeks only Social Security benefits under Title II in this case, to the extent cases cited herein may reference one or both sets of regulations, the Court notes these cases and regulations are applicable to the instant matter.

claimant establishes a *prima facie* case of qualifying disability once she has carried the burden of proof from step one through step four.

Before making the step four determination, the ALJ first must determine the claimant's RFC. 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e); 416.945(a)(2); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).[3] "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001); 20 C.F.R. §§ 404.1545(a)(1), 404.1546(c).

At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g); Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To do this, the ALJ can use either the Medical Vocational Guidelines ("grids") or rely upon the testimony of a VE. See 20 C.F.R. § 404 Subpart P, Appendix 2; Lounsburry, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). "Throughout the five-step evaluation, the ALJ 'is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities.'" Ford, 950 F.3d at 1149, quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

**B.    Standard of Review**

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In determining whether to affirm, modify, or reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. See Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Further, the Court's review of the Commissioner's decision is a limited one;

---

[3] SSRs are "final opinions and orders and statements of policy and interpretations" issued by the Commissioner. 20 C.F.R. § 402.35(b)(1). While SSRs do not have the force of law, the Court gives the rulings deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989); see also Avenetti v. Barnhart, 456 F.3d 1122, 1124 (9th Cir. 2006).

5

the Court may not disturb the Commissioner's final decision unless it is based on legal error or the findings of fact are not supported by substantial evidence. 42 U.S.C. § 405(g); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "[T]he threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 587 U.S. 97, 103 (2019). Rather, "[s]ubstantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Stiffler v. O'Malley, 102 F.4th 1102, 1106 (9th Cir. 2024), quoting Ford, 950 F.3d at 1154. In other words, "[s]ubstantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

Should the ALJ err, the Court will not reverse where the error was harmless. Stout, 454 F.3d at 1055-56. "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" Leach v. Kijakazi, 70 F.4th 1251, 1255 (9th Cir. 2023), quoting Lambert v. Saul, 980 F.3d 1266, 1278 (9th Cir. 2020). The burden of showing that an error is not harmless "normally falls upon the party attacking the agency's determination." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012), quoting Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

Finally, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012), quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Nor may the Court affirm the ALJ on a ground upon which he or she did not rely; rather, the Court may review only the reasons stated by the ALJ in his decision. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). It is not this Court's function to second guess the ALJ's conclusions and substitute the Court's judgment for the ALJ's; rather, if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." Ford, 950 F.3d at 1154, quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

/ / /

/ / /

## III.

## DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ findings regarding her mental impairments are not supported by substantial evidence.  To begin with, Plaintiff notes that in the prior 2020 decision, the ALJ found that the medical opinions of Drs. Schwartz and Aquino-Caro were unpersuasive but found Dr. Bonilla's opinion persuasive.  (ECF No. 11, pp. 6-7.)  As part of the Court's November 28, 2023 order, the Court found that the ALJ did not account for Dr. Bonilla's findings of moderate limitation in Plaintiff's ability to complete a normal workday/work week and the likelihood of emotional deterioration.  (Id., citing AR 1091.)  Back at another administrative hearing, Plaintiff observes that this time around the ALJ found that Dr. Bonilla's opinion was unpersuasive.  Thus, Plaintiff argues that the ALJ made an RFC determination without any persuasive medical opinion; Plaintiff equates this to the ALJ offering a lay opinion or interpreting evidence.  For these reasons, Plaintiff argues the ALJ erred.

The Commissioner opposes, arguing that the ALJ correctly addressed the opinion of Dr. Bonilla on remand in light of subsequent record evidence.  (ECF No. 15.)  The Commissioner continues, arguing that the ALJ's RFC relied on other record evidence and that such an evaluation, even without credible medical opinions, is specifically allowed for by regulations and precedent. Finally, the Commissioner argues that the crafting of an RFC is different from interpreting medical evidence.  The Court agrees with the Commissioner.

Though not expressly argued by Plaintiff, the Court will first address whether the ALJ's analysis of Dr. Bonilla was supported by substantial evidence before addressing Plaintiff other related arguments.

When an ALJ calculates a claimant's RFC, the ALJ is tasked with determining "the individual's *maximum* remaining ability to do sustained work activities in an ordinary work setting on a **regular and continuing** basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." SSR 96-8p, 1996 WL 374184, at *2 (emphasis in original).  In other words, the "RFC does not represent the least an individual can do despite his or her limitations or restrictions, but the *most*." Id. (emphasis in original).  An ALJ assesses an RFC

"based on all of the relevant medical and other evidence."  20 C.F.R. § 404.1545(a)(3).  This includes "any statements . . . provided by medical sources, whether or not they are based on formal medical examinations," as well as reviewing any "consultative examination(s)" and, where applicable, prior administrative medical findings ("PAMFs").  Id.

Under the Social Security Administration's 2017 revised regulations, "there is not an inherent persuasiveness to evidence from [government consultants] over [a claimant's] own medical source(s), and vice versa."  Woods v. Kijakazi, 32 F.4th 785, 791 (9th Cir. 2022), quoting Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844, 2017 WL 168819 (F.R. Jan. 18, 2017).  "The most important factors" that the agency considers when evaluating the persuasiveness of medical opinions are "supportability" and "consistency."  Id., quoting 20 C.F.R. § 404.1520c(a).  Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence."  20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1).  Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim."  20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).  With that said, it remains for "the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."  Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020), quoting Treichler, 775 F.3d at 1098.

"The revised regulations recognize that a medical source's relationship with the claimant is still relevant when assessing the persuasiveness of the source's opinion."  Woods, 32 F.4th at 792, citing 20 C.F.R. § 404.1520c(c)(3).  Therefore, "an ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records."  Id., citing 20 C.F.R. § 404.1520c(c)(3)(i)-(v).  That said, "the ALJ no longer needs to make specific findings regarding these relationship factors."  Id.

To begin, the Court first observes that because this matter stems from a previous final determination by the Commissioner, the issue of whether the presumption of continued non-

disability is relevant in this matter. Chavez v. Bowen, 844 F.2d 691, 694 (9th Cir. 1988). To that end, the ALJ here found that "[Plaintiff] ha[d] sever physical and mental impairments not previously considered in the hearing decision dated August 3, 2016; therefore, the presumption of continuing non-disability does not apply." (AR 989.) Relatedly, the ALJ observed that, "[a]s for medical opinion(s) and prior administrative medical finding(s), the undersigned cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources." (AR 1003.)

The ALJ summarized the March 2018 opinion of Pauline Bonilla, Psy.D., as follows:

> In March 2018, the claimant underwent a psychological consultative examination with Pauline Bonilla, Psy.D. (Exhibit C14F) Dr. Bonilla opined the claimant's ability to perform simple and repetitive task is mildly impaired; ability to perform detailed and complex task is moderately impaired; ability to accept instructions from supervisors is mildly impaired; ability to interact with coworkers and the public is moderately impaired; ability to sustain an ordinary routine without special supervision is mildly impaired; ability to maintain regular attendance in the workplace is mildly impaired; ability to complete a normal workday/work week without interruptions from a psychiatric condition is moderately impaired; ability to deal with stress and changes encountered in the workplace is moderately impaired; and the likelihood of the claimant emotionally deteriorating in a work environment is moderate.

(AR 1003-04.)

Regarding supportability, the ALJ found that:

> Dr. Bonilla did not provide an explanation for her opinion and her own examination findings do not support a finding that the claimant had moderate limitation in the ability to complete a normal workday/work week without interruptions from a psychiatric condition; in the ability to deal with stress and changes encountered in the workplace; and in the likelihood of the claimant emotionally deteriorating in a work environment. For instance, Dr. Bonilla did not identify any specific findings on examination to support moderate limitations in this regard and appears to have based these limitations on the claimant's self-report of a one-day hospitalization in 2005 due to stress. However, Dr. Bonilla also noted the claimant did not have any history of mental health treatment, that the claimant's hobbies included spending time with her family, watching television, playing video games, and studying Spanish. Dr. Bonilla noted the claimant was independent with her adaptive living skills, had average intellectual functioning, was cooperative with pleasant attitude throughout the duration of mental status testing, was coherent and concise, had thought content that was appropriate, relayed euthymic mood, and was

noted to have normal judgment when presented with a hypothetical situation. The claimant was able to respond to questions in an honest and open manner without any evidence identified by Dr. Bonilla that would indicate the claimant to have moderate difficulties in completing a workday or in dealing with situations encountered in a workplace. Additionally, Dr. Bonilla found the claimant did not appear to be suffering from any major mental disorders at this time and also concluded that the claimant would only have mild impairments in the ability to maintain regular attendance in the workplace, which would not support the other noted moderate limitations in the workplace.

(AR 1004.)

For consistency, the ALJ found that:

Dr. Bonilla's opinions with regard to moderate limitations are inconsistent with the unremarkable examination findings from the claimant's treatment providers noting the claimant to have generally unremarkable mental status findings, normal mood, and the ability to engage in a variety of activities of daily living and to include attending school and caring for her mother, as well as the claimant's own denials of anxiety or depression, and examinations showing normal higher mental functions and normal behavior. (Exhibit C-21F page 4, C-27F, page 40, 99, 106, 113, 121, 135, 143)

(Id.) In light of the foregoing, the ALJ found Dr. Bonilla's opinions to not be persuasive. (Id.)

The Court finds that the ALJ sufficiently addressed the opinion of Dr. Bonilla by thoroughly discussing supportability and consistency. Indeed, Plaintiff does not directly take issue with this analysis.

Turning to Plaintiff's arguments, the Court begins by dispelling Plaintiff's specter that the ALJ somehow erred by evaluating Dr. Bonilla's opinion as persuasive in 2023 but found it to be unpersuasive in 2024. As noted above, the ALJ found that the presumption of non-disability was not at issue in this matter and that the ALJ was to review all medical opinions *without* deference to any prior administrative medical findings or medical opinions. Thus, the mere fact that the ALJ later found Dr. Bonilla's opinion to be unpersuasive is of no moment. Indeed, as the Commissioner points out, in the current record, there was an updated record that included Plaintiff's recent activities and objective medical findings. (AR 1003-04, 1001-03 (discussing the updated record and activities).) Therefore, this suggestion is unpersuasive.

Turning to Plaintiff's related arguments, the Court views them as breaking into to two types

of arguments. First, Plaintiff seemingly argues that an ALJ cannot craft an RFC without finding at least one medical opinion persuasive. Second, Plaintiff seemingly argues that the ALJ necessarily interpreted raw medical data and/or offered a lay medical opinion. The Court finds these arguments to be unavailing.

As a starting place, this Court has rejected the proposition that "there must be an opinion from a medical source that reviews 'the majority' of a claimant's mental health treatment records." Scott T.C. v. Commissioner, No. 1:23-cv-01776-SAB, 2025 WL 227288, at *5 (E.D. Cal. Jan. 17, 2025). This conclusion is supported by the regulations that state that an ALJ bases the RFC finding on the record as a whole and not any particular medical opinion. 20 C.F.R. § 404.1545(a)(1). As one court has put it, "[s]uch a rule would tend to contravene established circuit precedent that the RFC need not mirror any particular opinion, and would directly contravene the regulations that provide that the agency may obtain a consultative examination to resolve evidentiary ambiguity or insufficiency, not that an ALJ must do so in every case." Hogan v. Kijakazi, No. 1:20-cv-01787-SKO, 2022 WL 317031, at *10 (E.D. Cal. Feb. 2, 2022).

Yet, this leads to Plaintiff's related contention of whether an ALJ may craft an RFC without finding any medical opinion persuasive. The answer, as in many areas of the law, is that it depends. Unsurprisingly, Plaintiff and the Commissioner have presented the Court with 'conflicting' case law. Yet, the Court harmonizes this case law by observing that, in context, where the ALJ does not support his RFC with a medical opinion, objective medical findings, or other applicable evidence, an ALJ may commit error in crafting the RFC. Other evidence considered, as the Commissioner points out, includes medical signs and laboratory findings. 20 C.F.R. §§ 404.1513(a)(1), 404.1502(c). As the Ninth Circuit has observed, the nature of the ALJ's responsibility is to interpret the evidence of record, including medical evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Such a responsibility does not result in the ALJ committing legal error when she assesses an RFC that is consistent with the record. Thus, in reviewing whether the ALJ committed error in determining the RFC, the relevant inquiry is whether the medical evidence—not just medical opinions—supports the ALJ's findings.

In light of the foregoing, Plaintiff's general argument that because the ALJ found all the

medical opinions unpersuasive, the ALJ could not calculate an RFC is without merit.

Plaintiff then moves on to her argument that the ALJ must have then relied upon her own lay medical opinion. Not so. As the Commissioner points out, federal courts may commit error by "overlooking the ALJ's full explanation." Kaufmann v. Kijakazi, 32 F.4th 843, 851 (9th Cir. 2022). Here, the ALJ discussed and analyzed—at length—Plaintiff's testimony regarding severity of symptoms, pertinent records, Plaintiff's activities of daily living, and the medical opinions. (AR 997-1006.) Plaintiff does not direct to the Court to which evidence the ALJ purportedly interpreted or gave a lay opinion as to, and the Court will not *sua sponte* comb the record looking to support Plaintiff's general argument.

Upon reviewing the ALJ's analysis, the Court finds the ALJ's opinion regarding Plaintiff's mental impairments, including the RFC, is supported by substantial evidence. The ALJ did not err.

**IV.**

**CONCLUSION AND ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED. It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Dorothy Nanney. The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **February 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge

12